FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUSILA VAKASEREIMUDU
SEVUDREDRE,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-75172

Agency No. A098-158-796

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

 Rusila Vakasereimudu Sevudredre, a native and citizen of Fiji, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

---

 [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's denial of Sevudredre's asylum claim because the harm she suffered, including threats and a robbery, does not rise to the level of past persecution, and because she failed to demonstrate an objective basis for her fear of future persecution. *See Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995); *see also Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).

Because Sevudredre did not establish eligibility for asylum, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Sevudredre did not demonstrate that it is more likely than not she would be tortured by government officials, or with their acquiescence, if returned to Fiji. *See Wakkary*, 558 F.3d at 1068. Sevudredre's contentions that the agency failed to meaningfully address her CAT claim and that it applied an erroneous legal standard are belied by the record.

**PETITION FOR REVIEW DENIED.**